UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYLE M. FORADORI,

    Plaintiff,                                  Civil Action No. 05-71830

v.                                             HON. GEORGE CARAM STEEH
                                                U.S. District Judge
                                                HON. R. STEVEN WHALEN
COMMISSIONER OF SOCIAL             U.S. Magistrate Judge
SECURITY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION RE: ATTORNEY FEES**

In this Social Security case, Plaintiff has filed a motion for award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 [Docket #24]. The motion has been referred for a Magistrate Judge's Report and Recommendation (MJRR) under 28 U.S.C. § 636(b)(1)(B). Because Plaintiff meets the standard for attorney fees under EAJA, and because the Defendant has filed a response indicating no objection to attorney fees, I recommend that Plaintiff's Motion be GRANTED, and that attorney fees and expenses be awarded in the amount of $4,114.00.

**I. PROCEDURAL HISTORY**

On April 5, 2000, Plaintiff filed an application for Disability Insurance Benefits, alleging an onset date of November 22, 1998. The claim was denied at all administrative

levels through the Appeals Council, and Plaintiff filed for judicial review. On July 17, 2002, the parties stipulated to a remand, based on the ALJ's erroneous finding that Plaintiff experienced an insufficient number of trigger points to support a diagnosis of fibromyalgia.

The ALJ held a second hearing on June 20, 2003. On September 12, 2003, the ALJ again found that Plaintiff retained transferable skills (Tr. 602). On March 11, 2005, the Appeals Council denied review, concluding that the ALJ complied with the remand order. Plaintiff filed a second claim for judicial review on May 10, 2005.

On August 17, 2006, the undersigned Magistrate Judge filed a MJRR, recommending that the case be remanded for further administrative proceedings because the ALJ's hypothetical question to the Vocational Expert (VE) failed to encompass Plaintiff's clearly established non-exertional impairments. *See Varley v. Secretary of HHS,* 820 F.2d 777, 779 (6th Cir. 1987). On September 13, 2006, the District Judge accepted the MJRR and entered judgment in favor of the Plaintiff, remanding the case again for further proceedings. Plaintiff filed a timely motion for attorney fees under EAJA.

## II.   STANDARD OF REVIEW

The EAJA is one of some 131 fee shifting statutes enacted by Congress. *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986). Specifically, 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States...unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust."

In the context of a Social Security case brought under 42 U.S.C. § 405(g), a plaintiff who wins a sentence four remand directing further administrative proceedings is a "prevailing party" within the meaning of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Thus, the salient question is whether the position of the United States was "substantially justified." Under EAJA, the government has the ultimate burden of showing that its position was substantially justified such as to support a denial of attorney fees. *United States v. 0.376 Acres of Land*, 838 F.2d 819, 829 (6th Cir. 1988); *United States v. True*, 250 F.3d 410, 419, fn. 7 (6th Cir. 2001). The resolution of that question is addressed to the district court's discretion. *Pierce v. Underwood*, 487 U.S. 552, 563, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

In *Pierce v. Underwood*, 487 U.S. at 565, the Supreme Court defined the term "substantially justified" as "justified to a degree that could satisfy a reasonable person." However, in linking the term to a standard of reasonableness, the Court cautioned that "[t]o be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Id.*, at 566.

### III.   ANALYSIS

A review of the record in this case shows that the Plaintiff, having won a sentence four remand, is a prevailing party for purposes of EAJA. Furthermore, the government has not met its burden of showing that its position was substantially justified, and indeed, has expressed that it has no objection to the award of EAJA fees.

As to the amount claimed, the rule is that fees requested under EAJA must be

reasonable. *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987). As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." In *Glass*, 822 F.2d at 21, the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."

Plaintiff's counsel requests payment for 28 hours of attorney time plus expenses, for a total of $4,114.00. [1] The Defendant has expressed that it has no objection to that amount, and this Court finds that amount to be reasonable.

### IV. CONCLUSION

Accordingly, I recommend that Plaintiff's Motion for Attorney Fees under EAJA [Docket #24] be GRANTED, and that attorney fees and expenses be awarded in the amount of $4,114.00.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v.*

---

[1] Although *Glass* was careful to point out that each request for attorney fees must be reviewed on its own distinct facts, the Court did note that "the experienced district judge is very likely correct that twenty to thirty hours may well be the norm for attorneys to handle most [social security] cases...." 822 F.2d at 20.

*Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                      S/R. Steven Whalen
                      R. STEVEN WHALEN
                      UNITED STATES MAGISTRATE JUDGE

Dated: April 3, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 3, 2007.

                      S/Gina Wilson
                      Judicial Assistant